**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2788
_____

AKANINYENE EFIONG AKAN,
                                        Appellant

v.

ADAM SUMMERS; NEIL REINSFELDER; STEVEN CENTRA; RUFUS JONES;
GREGORY BOSS, sued in their individual and official capacities
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 17-cv-00089)
District Judge:  Honorable Joy Flowers Conti
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 16, 2019
Before:  KRAUSE, SCIRICA and NYGAARD, Circuit Judges

(Opinion filed May 15, 2019)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Akaninyene Akan appeals the District Court's order dismissing his complaint. For the reasons below, we will affirm the District Court's order.

The procedural history of this case and the details of Akan's claim are well known to the parties, set forth in the District Court's memorandum opinion, and need not be discussed at length. Briefly, in 2010, Akan was questioned by police officers. During that time, he smoked and disposed of a cigarette. Officers later collected the cigarette butt, and DNA evidence from the cigarette butt was used to convict Akan of rape, sexual assault, and other crimes in 2012.

In 2017, Akan filed a civil rights complaint alleging an ongoing conspiracy to seize his person in the form of a DNA sample. The Appellees filed motions to dismiss, arguing that the complaint was filed beyond the statute of limitations. The District Court granted those motions and dismissed the complaint on the ground that it was untimely filed. Akan filed a motion to reopen the time to appeal and for an extension of time to file a motion for reconsideration. The Court granted the motion to reopen the time to appeal but denied his request for an extension of time to file a motion for reconsideration. Akan then filed a notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's dismissal of the complaint on the grounds that it was filed beyond the statute of limitations. Kach v. Hose, 589 F.3d 626, 633 (3d Cir. 2009). For the reasons given by the District Court, we agree that Akan's claims are barred by the statute of limitations and that the continuing violation doctrine does not apply. See Montanez v.

2

Sec'y Pa. Dep't of Corr., 773 F.3d 472 (3d Cir. 2014) ("[C]ontinuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation.").

Akan also argues that the District Court erred in denying his request for an extension of time to file a motion for reconsideration under Fed. R. Civ. P. 59(e). However, under Fed. R. Civ. P. 6(b)(2), a District Court must not extend the time to act under Rule 59(e). The District Court did not err in denying Akan an extension of time.

For the above reasons, we will affirm the District Court's order. Appellant's motion to strike Appellees' brief is denied.